UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DEBORAH ALEX-SAUNDERS, et al., | ) | CASE NO. 3:06 CV 7008 |
| | ) | |
| Plaintiffs, | ) | CHIEF JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| AMY LEAKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On January 6, 2006, pro se plaintiffs Deborah Alex-Saunders and Frank L. Sparks

filed the above-captioned action under 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and 1988, the

Federal Torts Claims Act ("FTCA") 28 U.S.C. §§ 1346(b) and 2671- 2680, the Fair Debt Collection

Practices Act ("FDCPA")15 U.S.C. § 1692, and the Racketeering Influence and Corruption

Organization Act ("RICO")18 U.S.C.A. § 1961.  Amy Leake, Attorney Martin J. Holmes, Lucas

County Court of Common Pleas Judge Jack Puffenberger, ABRMO Mortgage Group ("ABRMO

Mortgage"), Attorney Pamela S. Petras, Fannie Mae Corporation, Fannie Mae Chairman of the

Board Stephen Ashley, Fannie Mae President Daniel H. Mudd, the Law Firm of Lerner, Sampson,

& Rothfuss, and Attorney William R. Steuk are named as defendants in this action.[1]  Plaintiffs also

filed an Application to Proceed In Forma Pauperis.  That Application is granted.

### *Background*

William A. Smith, III acquired title to real property located at 4215 Columbus Ave.,

Sandusky, Ohio on December 20, 2001 from MEA Partnership Homes, Ltd. for $170,000.00.  He

financed this purchase with a mortgage loan from ABRMO Mortgage in the amount of

$161,500.00.  The mortgage was recorded in the Erie County Recorder's Office on December 31,

2001.

On October 28, 2002, Mr. Smith signed a document entitled "Trust Agreement"

which purported to place title to property located at "*4415* Columbus, Sandusky, Ohio" into an

Irrevocable Living Trust.  (Compl. Ex. Trust Agreement.)(emphasis added).  The plaintiffs allege

that from 2000 to 2003, William A. Smith III and Frank L. Sparks entered into business contracts

under the name "Navastar Homes." (Compl. Sparks Aff.) The trust specified that Navastar Homes

was to be the Trustee and Frank L. Sparks was named as the beneficiary.[2]  A deed was apparently

---

[1]    The original complaint named as defendants Amy Leake, Attorney Martin Holmes, Jr., Judge Jack Puffenberger, ABRMO Mortgage, Fannie Mae Corporation, David Greene, Attorney Pamela Petras, the law firm of Lerner, Sampson, & Rothfuss, and Attorney William Steuk.  The plaintiffs filed an Amended Complaint on February 1, 2006 asking the court to "make corrections to the names of the defendants."  (Am. Compl. at 2.)  The Amended Complaint contains no substantive allegations.  The court therefore liberally construes it as a supplemental pleading and will consider it along with the original complaint.

[2]    The court notes that although the trust document names Frank L. Sparks as the beneficiary of the trust, the document makes no provision for the transfer of the trust principle or income to him, in whole or in part, at any point in time.  Aside from the identification of Mr. Sparks as a beneficiary in the opening paragraph of the trust, there are no other provisions which mention the beneficiary, or set forth obligations which the trustee must fulfill for the beneficiary.  In fact,
(continued...)

2

signed by Mr. Smith on December 29, 2002, but was not recorded until three days after his death

in 2003.[3]  (Compl. Sparks Aff.)

On December 20, 2002, nine days before the deed to 4415 Columbus Ave. was

signed by Mr. Smith to convey title to the trust, two documents were recorded with the Erie County

Recorder's Office with respect to the property located at 4215 Columbus Ave., Sandusky, Ohio.

The first was entitled "Corporation Assignment of Open-End Mortgage" and purported to transfer

the mortgage held by ABRMO Mortgage on 4215 Columbus Ave. to Navastar ISAOA as custodian.

(Compl. Ex. Fannie Mae Letter of Nov. 15, 2005).  ABRMO Mortgage, however, did not sign the

document and apparently did not consent to the transaction.  This document was signed only by Mr.

Sparks on behalf of Navastar.  The second document, entitled "Mortgage Release," was also signed

by Mr. Sparks as "officer VIP" of Navastar, and claims to release Mr. Smith from the mortgage

obligation.  Again, ABRMO did not sign this document and there is no indication that they

consented to release Mr. Smith from his mortgage obligation.

Mr. Smith died on August 24, 2003.  Pursuant to his Last Will and Testament, all

---

[2](...continued)
the trust agreement appears to mandate that the property never be transferred to a beneficiary.  The
document specifically states that the "Trustee shall have no rights or power to terminate this trust."
Transfer of the entire trust principle would terminate the trust.  (Compl. Ex. Trust Agreement)

[3]        At this point, the pleading becomes more difficult to piece together.  The address of
the property originally purchased by Mr. Smith was 4215 Columbus Ave.  The trust document
attempts to place the property at 4415 Columbus Ave. into trust.  It appears likely that there is only
one parcel of property and the reference to 4415 Columbus Ave. was simply a typographical error.
It is also possible, however, that there are two distinct parcels of property, both in the name of
William Smith.  While the parties seemed to refer to them interchangeably, both addresses continue
to be used on various document executed by the parties.  For clarity, when discussing a document,
the court will use the address provided by the parties on that document.

of his property was bequeathed and devised to his daughter, Amy Hall, nka Leake.  Mr. Smith's

attorney, Martin Holmes, Sr. was appointed as the Executor of the Estate in accordance with the

terms of his Will. On December 8, 2003, Mr. Holmes, on behalf of the Estate of William Smith,

filed a Declaratory Judgment action in the Lucas County Probate Court asking the court to

determine that the property located at 4415 Columbus Ave. was an estate asset.  Mr. Sparks's

spouse, Deborah Alex-Saunders, along with Navastar ISAO, ABRMO Mortgage, the Minority

Environmental Association, Navastar Homes, and MEA Partnership Homes, Ltd. were also named

as defendants in the action.  On August 25, 2004, Judge Puffenberger entered judgment in favor of

the Estate of William Smith, finding that the decedent was fully seized of the property in question

at the time of his death.  The court was not troubled by the fact that the deed was recorded after Mr.

Smith's death, but found instead that the conveyance was void because Navastar Homes was a

fictitious entity that did not legally exist.  Under Ohio law, both the grantor and the grantee on a

deed must be persons or entities in being at the time of the grant in order to be capable of receiving

the property.  If the grantee is not in existence at that time, the transfer is void.  Ms. Alex-Saunders

and Mr. Sparks appealed this decision but were not successful in overturning the judgment.

In the meantime, on January 15, 2004, ABRMO Mortgage filed a foreclosure action

in the Erie County Court of Common Pleas seeking to foreclose the mortgage it had on the property

at 4215 Columbus Ave.  It appears that at some point Fannie Mae acquired an interest in the

delinquent loan.  In order to settle the foreclosure case, Martin Holmes, Sr., as executor of the

Estate of William Smith, transferred title of the property to Fannie Mae on May 31, 2005.  The

foreclosure action was voluntarily dismissed on June 16, 2005.  The fiduciary deed conveying title

to Fannie Mae was recorded on June 22, 2005.

4

Thereafter, Fannie Mae filed an eviction action against Ms. Alex-Saunders and Mr. Sparks seeking to remove them from the property located at 4215 Columbus Ave.  Ms. Alex-Saunders and Mr. Sparks contested the eviction asserting that the property had been transferred to the trust, that Frank Sparks was the beneficiary of the trust, and that the probate court judgment ruling that the property was an estate asset was void.  The complaint does not indicate the status of that eviction action.

In this action before the court, the plaintiff continue to challenge the probate court's decision to include the Columbus Ave. property as an estate asset.  They contend that Mr. Smith established an inter-vivos trust and transferred the property into that trust.  They assert that inter-vivos trusts are outside of the jurisdiction of the probate court and therefore any decision by the court which affects an inter-vivos trust is void as a matter of law.  They further reason that because the judgment was void, it could not be enforced by the estate and could not be relied upon by its creditors.  The estate could not validly transfer title of the property to Fannie Mae to satisfy a debt because title is still legally in the possession of the trustee.  They assert that the defendants' attempts to deprive them of the Columbus Ave. property violated their First, Fourth, Fifth, Ninth, Tenth, and Fourteenth Amendment rights entitling them to relief under 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and 1988, the Federal Torts Claims Act ("FTCA") 28 U.S.C. §§ 1346(b) and 2671- 2680, the Fair Debt Collection Practices Act ("FDCPA")15 U.S.C. § 1692, and the Racketeering Influence and Corruption Organization Act ("RICO")18 U.S.C.A. § 1961.  They request that this court vacate the probate court's decision concerning the Columbus Ave. property, enjoin any proceedings which attempt to enforce the judgment, award them "damages in the amount of $10,000 for each cause of action where each of the enjoined defendants as each named violated,"

5

and $75,000,000.00 in punitive damages.

## *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[4]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

**Rooker-Feldman Doctrine**

As a threshold matter, United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id.  Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review

---

[4]     An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

of the state judgment in a United States District Court based on the party's claim that the state

judgment itself violates his or her federal rights.  Johnson v. DeGrandy, 512 U.S. 997, 1005-06

(1994).  Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil

rights action.  Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562 *2 (6th Cir. Sept. 28,

1999); see also, Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

       The United States Sixth Circuit Court of Appeals has applied two elements to a

Rooker-Feldman analysis.  First, in order for the Rooker-Feldman doctrine to apply to a claim

presented in federal district court, the issue before the court must be inextricably intertwined with

the claim asserted in the state court proceeding.  Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998);

see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002).  "Where

federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult

to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the

state court judgment."  Catz, 142 F.3d at 293.  Second, the Rooker-Feldman doctrine precludes a

district court's jurisdiction where the claim is a specific grievance that the law was invalidly or

unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional

challenge to the state law applied  in the state action.  Id.; Tropf, 289 F.3d at 937.

       In the present action, all of the claims directly attack the state court's decision to

include the Columbus Ave. property as an asset of Mr. Smith's Estate.  All of the causes of action

asserted in this federal action require this court to conclude that the law was incorrectly applied to

the plaintiffs' case, and are clearly predicated on their belief that the state court was mistaken in

rendering its decision against them.  Moreover, they request as relief that the state judgment be

vacated and its execution enjoined.  Any review of the federal claims asserted in this context would

require the court to review the specific issues addressed in the state court proceedings against the

plaintiffs.  This court lacks subject matter jurisdiction to conduct such a review or grant the relief

as requested.  Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

**Res Judicata**

Moreover, to the extent that the plaintiff seek to litigate anew matters which were

previously decided by the state court, relief cannot be granted.  A federal court must give a state

court judgment the same preclusive effect it would have in the courts of the rendering state.  28

U.S.C. § 1738; Dubuc v. Green Oak Township, 312 F.3d 736, 744 (6th Cir. 2002).  The preclusive

effect of the previous state court judgments are therefore governed by Ohio law on preclusion.  Id.

Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or

might have been litigated in the first lawsuit.  National Amusement, Inc. v. Springdale, 53 Ohio St.

3d 60, 62 (1990).  The doctrine of res judicata requires a plaintiff to present every ground for relief

in the first action he files, or forever be barred from asserting it.  Id.  The purpose of this doctrine

is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation,

and conserve judicial resources.  Allen v. McCurry, 449 U.S. 90, 94 (1980).  The Ohio courts have

already determined that the deed which attempted to transfer property into the trust was invalid

because the grantee on the deed, Navastar Homes, was a fictitious entity which did not legally exist

and therefore could not hold property.  This court is bound to give full faith and credit to the

decisions of those courts.

## *Conclusion*

Accordingly,  this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court

certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in

good faith.[5]

        IT IS SO ORDERED.


                                JAMES G. CARR
                                CHIEF JUDGE
                                UNITED STATES DISTRICT COURT

---

[5]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.